UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOEY NAQUIN AND**                        **CIVIL CASE NO.: 2:22-cv-2517**
**RACHEL NAQUIN**

**VERSUS**

**ALLIED TRUST INSURANCE COMPANY**     **SECTION:** _____

**COMPLAINT FOR DAMAGES AND
STATUTORY PENALTIES, ATTORNEY'S FEES AND COSTS**

NOW INTO COURT through undersigned counsel comes **JOEY NAQUIN** and **RACHEL NAQUIN** ("Plaintiffs"), who respectfully represent:

1.

Made Defendant herein:

> **ALLIED TRUST INSURANCE COMPANY** ("Allied Trust"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**JURISDICTIONAL ALLEGATIONS**

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiffs are citizens of the State of Louisiana. On information and belief, Allied Trust is a corporation incorporated in in the State of Texas with its principal place of business in the state of Florida. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Allied Trust issued the policy of insurance upon which this suit is based to the Plaintiffs, insuring their property located at 9499 E. Main Street, Houma, Louisiana 70363. This Court has personal jurisdiction over Allied Trust.

## CAUSES OF ACTION

6.

Allied Trust insured the Plaintiffs under Policy No. 747398, which was in full force and effect on August 29, 2021.

7.

On or about September 23, 2021, Allied Trust adjusted the loss and determined that the total damage to the home from Hurricane Ida to be $27,968.90, after Plaintiff's deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiff's insured property.

8.

The Plaintiffs' home suffered extensive damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

9.

Plaintiffs provided Allied Trust via Email with estimates from GLS & Associates, Inc. to repair the damages to their home from Hurricane Ida in the total amount of $445,991.45. Allied Trust received Plaintiffs' estimates on May 18, 2023. Allied Trust responded on June 16, 2023 that the claim was being investigated, and that Allied Trust had hired the firm of Barry, Rome & Scott to represent them. No payments have been made, and no offer to settle the claim has been made in violation of Louisiana law.

10.

Allied Trust had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damage caused by the storms. Meanwhile, Plaintiffs await sufficient funds from Allied Trust to repair their home to its pre-storm condition. Their home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

11.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim." In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause." Allied Trust has violated both of these statutory obligations and duties in its dealings with the Plaintiffs.

12.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Allied Trust is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Allied Trust has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiffs by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiffs' damages. Allied Trust had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld an accurate and defensible accounting of the full extent of the damage caused by the storm.

13.

Allied Trust has failed to make a written offer to settle the full extent of the Plaintiffs' property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Allied Trust liable to the Plaintiffs for penalties, attorney's fees and costs under La. R.S. 22:1892.

14.

Allied Trust's failure to fairly and promptly adjust the full extent of the Plaintiffs' claim has caused them to suffer contractual and extra-contractual damages including, but not limited to, the additional time delays, additional deterioration to their home that has occurred while waiting for Allied Trust to fairly pay their insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether they would have the funds necessary to repair their hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by Allied Trust's dilatory tactics and delays, the Plaintiffs are also owed their attorney's fees and costs.

15.

Allied Trust knew or should have known that its failure to timely pay the Plaintiffs' insurance claims prevented them from repairing their home, and it should have known that its failure to pay the Plaintiffs' claims would cause them grief, mental anguish, and worry.

16.

WHEREFORE, **JOEY NAQ UIN** and **RACHEL NAQUIN** pray that there be judgment in their favor against **ALLIED TRUST INSURANCE COMPANY** as follows:

(1)   Finding Allied Trust liable to the Plaintiffs for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding them the same;

(2)   Awarding the Plaintiffs general damages caused by Allied Trust's breach of its duty of good faith and fair dealing;

(3)   For specific damages and general damages including, but not limited to, diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid;

(4)   For any and all other relief that is justified under law and equity, and;

(5)   For trial by jury.

Respectfully Submitted By:

DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Felix "Andy DeJean IV
Felix "Andy" DeJean IV (#25028)
604 St Ferdinand St.
Baton Rouge, LA 70802
(225) 344-2639 – Telephone
(225) 346-5252 – Facsimile
andy@dejeanlaw.com
*Attorneys for Plaintiffs*

Respectfully Submitted By:

NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland
Erik R. Noland (#37245)
533 Europe Street
Baton Rouge, LA 70802
(225) 719-1950 - Telephone
erik@nolandlawoffice.com
*Attorneys for Plaintiffs*

Respectfully Submitted:

CANNON LAW OFFICE, LLC

/s/ Sherry C. Cannon
SHERRY C. CANNON (#33759)
2929 Fairway Dr.
Baton Rouge, LA 70809
225-335-4580
scannonlaw@aol.com
*Attorneys for Plaintiffs*

**SERVICE INSTRUCTIONS:**

**ALLIED TRUST INSURANCE COMPANY**
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809